IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRISTAN ASSANCE, | CV 24–9–M–DWM |
| Plaintiff, | |
| v. | ORDER |
| LINCOLN COUNTY, BRANDON HOLZER, JAMES KIRK KRAFT, and DOES 1-10, | |
| Defendants. | |

On December 3, 2024, Defendant Brandon Holzer appealed this Court's November 7, 2024 Order rejecting his qualified immunity defense on the pleadings, (*see* Doc. 35). (Doc. 40.) Holzer then moved unopposed to stay the case pending the resolution of that appeal. (Doc. 42.) That request was granted and the matter stayed. (Doc. 44.) Subsequently, Plaintiff Tristan Assance filed the present motion, asking that Holzer's appeal be certified as frivolous. (Doc. 47.) Holzer opposes, arguing both that Assance waived his objection by agreeing to the stay and that interlocutory appeal is appropriate as a matter of law. (Doc. 51.) Because the law permits an interlocutory appeal in this instance, Assance's motion is denied.

A district court's denial of qualified immunity is a narrow exception to the rule that the denial of motion to dismiss is not immediately appealable. *See*

*Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Behrens v. Pelletier*, 516 U.S. 299, 307 (1996) (clarifying that exception also applies to rulings on the pleadings). "The reasoning behind this departure from the general rule is that qualified immunity is 'an immunity from suit rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial.'" *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009) (per curiam) (quoting *Mitchell*, 472 U.S. at 530). Interlocutory appeal of an order denying qualified immunity divests the district court of jurisdiction to proceed, unless the district court certifies that the appeal is frivolous or forfeited. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (citing *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989)). The district court's power to certify that an appeal is frivolous "must be used with restraint." *Apostol*, 870 F.2d at 1339.

Holzer's appeal presents a close question. Holzer's argument for qualified immunity was denied because clearly established law prohibited him from shooting an erratically behaving individual that did not pose an immediate threat to either himself or others. (*See* Doc. 35 at 14–16.) Thus, Holzer's bid for qualified immunity was denied both on the facts of Assance's pleading and an assessment of the law in existence at the time of the incident. Holzer challenges both determinations. While Holzer's position was rejected by this Court, (*see* Doc. 35), it is not so baseless that it fails to invoke the jurisdiction of the court of appeals.

2

As to the first prong of the qualified immunity analysis, Holzer insists that his conduct was objectively reasonable under the facts as alleged by Assance. Contrary to Assance's argument, that determination can be reviewed by the appellate court. *See Behrens*, 516 U.S. at 309 (explaining that at the dismissal stage, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness'"); *see also Wilkins v. City of Oakland*, 350 F.3d 949, 951 (9th Cir. 2003) (explaining that while the appellate court cannot resolve factual disputes on interlocutory appeal, it may "determine if the denial of qualified immunity was proper by assuming the version of events offered by the non-moving party"). And, as argued by Holzer, Assance indeed pled that Holzer was responding to the sound of what he thought was a gun shot. (*See* Doc. 1 at ¶ 37.) Assance's concern that Holzer's relies on either disputed facts or facts not contained in the Complaint is assuaged by the fact that the appellate court's jurisdiction does not extend to resolving factual disputes. *See Behrens*, 516 U.S. at 309. In assessing the reasonableness of Assance's conduct, the appellate court will have to assume the facts as pled. *Id.*

As to the question of clearly established law, to defeat qualified immunity, a "plaintiff[] must cite functionally identical precedent that places the legal question 'beyond debate' to 'every' reasonable officer." *Zadeh v. Robinson*, 902 F.3d 483, 498 (5th Cir. 2018) (Willett, J., concurring). Holzer maintains that the fact that he

was responding to the sound of what he thought was a gun shot, (*see* Doc. 1 at ¶ 37), takes this case outside existing precedent. Thus, even if Assance is correct that Holzer's conduct was objectively unreasonable or that any and all factual disputes would be resolved in Assance's favor, Holzer insists that the law was not clearly established. *Compare with Wilkins*, 350 F.3d at 955 (rejecting qualified immunity appeal due to factual dispute where "there is no question whether the officers' actions . . . violated clearly established law") *and Toscano v. City of Fresno*, 2015 WL 6163205 (E.D. Cal. Oct. 19, 2015) (certifying qualified immunity appeal as frivolous where parties disputed whether the officer intentionally or accidentally struck the decedent with his patrol vehicle). The Ninth Circuit has jurisdiction over that purely legal claim. *See Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945–46 (9th Cir. 2017) (emphasizing that the appellate court can consider whether an officer's conduct violated clearly established law).

Ultimately, while Assance persuasively argues that civil rights actions such as this should proceed on the merits,[1] the law favors Holzer. *See Behrens*, 516

---

[1] Qualified immunity itself is a judge-made doctrine that, despite its moniker, insulates unconstitutional misconduct. *See Zadeh*, 902 F.3d at 498 (Willett, J., concurring) ("[I]t's immaterial that someone acts unconstitutionally if no prior case held such misconduct unlawful."). That injustice is then compounded by the fact that defendants asserting a qualified immunity defense have the right to bring more than one interlocutory appeal of any adverse immunity determination. *See Behrens*, 516 U.S. at 311.

4

U.S. at 311 ("As we have said, an order denying qualified immunity, to the extent it turns on a 'issue of law,' *Mitchell*, 472 U.S. at 530, is immediately appealable."). Absent preexisting cases dealing with this question, I would hold the appeal here is a waste of judicial resources. Somehow, shooting an unarmed person, out of fear or otherwise, does not seem to comport with the reasonable use of force when the facts of the complaint are accepted as true.

Because Assance's motion fails on the merits, the Court does not reach Holzer's waiver argument.

Based on the foregoing, IT IS ORDERED that Assance's motion to certify Holzer's appeal as frivolous (Doc. 47) is DENIED.

DATED this \_\_\_11\_\_\_ day of February, 2025.

Donald W. Molloy, District Judge
United States District Court